JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-1581-KK-SHKx** | Date: | May 23, 2024 |
|---|---|---|---|
| Title: | *Denice Tenorio v. Rena Bitter, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute**

## I.
## PROCEDURAL HISTORY

On August 8, 2023, plaintiff Denice Tenorio ("Plaintiff") filed a Complaint against defendants Rena Bitter, Antony Blinken, and Andrew Schofer (collectively, "Defendants") asserting claims for mandamus relief pursuant to 28 U.S.C. § 1361, relief under the Administrative Procedure Act, and violation of due process under the Fifth Amendment, based on Defendants' alleged delay in processing Plaintiff's husband's visa application.  ECF Docket No. ("Dkt.") 1.

On November 15, 2023, Defendants filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted ("Motion").  Dkt. 16.

On May 1, 2024, the Court issued an Order granting the Motion for failure to state a claim and dismissed Plaintiff's Complaint with leave to amend.  Dkt. 25.  The Court further ordered Plaintiff to file a First Amended Complaint no later than May 15, 2024.  Id. at 9.  The Court expressly warned Plaintiff that "**failure to timely file a First Amended Complaint will result in this action being dismissed for failure to prosecute and comply with Court orders.**"  Id. (citing Fed. R. Civ. P. 41(b)) (emphasis in original).

///

The deadline for filing a First Amended Complaint pursuant to the Court's May 1, 2024 Order has passed. To date, Plaintiff has not filed a First Amended Complaint or otherwise responded to the Court's Order.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See FED. R. CIV. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (stating standard applied in dismissal for failure to prosecute) overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal for failure to comply with court orders). In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has not filed a First Amended Complaint as required by the Court's May 1, 2024 Order or otherwise responded to the Court's Order. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendant – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendant arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on her responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See dkt. 25. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown she is either unwilling or unable to comply

with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, see dkt. 25.

## III.
## CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders.  **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action. (JS-6)

**IT IS SO ORDERED.**